United States District Court
District of Delaware (Wilimington)
------------------------------------------X
Shawn Wright
  Plaintiff

 V.

James E. Liguori
Liguori, Morris & Yiengst
  Defendant
------------------------------------------X

Plaintiff Complaint
Pursuant to 42 U.S.C. §1983

**Preliminary Statement**

  This is a law suit pursuant to 42 U.S.C. §1983 Action For damages, Filed by Shawn Wright, a Federal Prisoner, proceeding Pro-Se and in Forma pauperis pursuant to 28 U.S.C. §1915.

  Plaintiff alleging denial of access to the Court, impending the right of access to the Court, and ineffective assistance of Counsel in violation of my Fifth and Sixth Amendments to the United States Constitution.

**Jurisdiction**

  1.) This Court has Jurisdiction over Plaintiff's claims of violation of his Fifth and Sixth Amendments to the United States Constitution; and his CIvil Rights pursuant to 42 U.S.C.§1983.

**Parties**

  2.) The Plaintiff Shawn Wright, is and was at all times described in this compliant as a Federal prisoner incarcerated at F.C.I. Fairton, located in Fairton N.J. 08320.

  3.) The defendants, the law firm of James E. Liguori; Liguori, Morris, and Yiengst, located at 46 The Green Dover, Del. 19901.

  4.) The defendant is being sued in his Official and Individual capacity; Five Hundred Thousand in his Individual capacity and Five Hundred Thousand in his Official capacity.



07cv445
FILED
JUL 17 2007
RG scan
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Denial of Access to the Court

Facts

5) On November 2003, Law Enforcement initiated a drug investigation involving Mr. Wright, during the course of their alledge investigation, Law Enforcement learned that Mr. Wright lived at 123 C. Highland Booulevard, New Castle, Delaware, and subsequently obtained a warrant authorizing the search of Mr. Wright's residence for evidence of drug crimes.

6) On November 3, 2003, Law Enforcement executed the search warrant and found $18,420, Law Enforcement also found Mr. Wright's 2001 and 2002 tax returns, which indicated that he claimed an adjusted gross income of $8,792 and $20,999 for each respective years. The search also produced documents indicating that Mr. Wright maintained several accounts at Wachovia Bank.

7) On or about November 13, 2003, Law Enforcement executed a seizure warrant for Mr. Wright's Wachovia accounts, which resulted in the seizure of the defendant in Rem ; Thirty one Thousand Eight Hundred Fifty Two Dollars and Thirty eight cents ($31,852.38), In United States currency, One Thousand Nine Hundred and Nine Dollars and three cents ($1,909.03), In United States currency, Thirty One Thousand Five Hundred Fifty Three Dollars and seventy eight cents ($31,553.78); In United States currency, total more than $65,000, plus interest.

8) The Law firm of James E. Liguori, Liguori, Morris and Yiengst, 46 The Green Dover, Del. 19901, was recommended by my criminal attorney Mike W. Pinsky, who I hired to represent me in this illegal confiscation of my money. Mr. Wright, by and through his attorney, filed verfied claims for the money with the Drug Enforcement Administration ("D.E.A.") ON March 22, 2004, April 14, 2004, and April 23, 2004; the filing of Mr. Wright's claim required the government to file a action pursuant to 18 U.S.C.§983

(a) (3) (A).

9) On July 29, 2004, the government sent notice of the forfeiture action to Mr. Wright's attorney, based on its understanding that Wright had retained Counsel to represent him in the case and Counsels representation that he would accept service on Mr. Wright's behalf. Seizure notice was also published in the Philadelphia Daily news from August 25, 2004; through September 1, 2004, and on September 8, 2004, and in the News Journal from November 11, 2004; through November 24, 2004; and on December 1, 2004.

10) Defendant "Attorney", James E. Liguori received the letter on August 2, 2004; pursuant to the requirements of Admiralty Rule C (6)(a), which was explained in the warrant of arrest. Defendant attorney Liguori was required to file a Verified Statement of Interest or right ( the "verified statement") within 30 days of service on or about September 2, 2004; then, pursuant to Admiralty Rule C (6)(a), his answer in my behalf was due on September 22, 2004.

11) On September 27, 2004, the government filed a request for entry of default, because Mr. Liguori had failed to file a verified statement identifying his interest in the defendants (Money). On October 5, 2004, Mr. Liguori (attorney) filed non-verify responses to the interrogatories; On November 17, 2004, the attorney, Mr. Liguori filed an answer to the complaint, out of time, denying me access to the Court. On November 19, 2004, the government filed a Motion to Strike Attorney Liguori's Answer for Mr. Wright.

### Ineffective Assistance of Counsel

12) Plaintiff claims ineffective assistance of Counsel on the part of his attorney, James E. Liguori, in that:

    a) Plaintiff's Counsel failed to investigate the circumstances surrounding the illegal confiscation of the $18,420.

    b) Plaintiff's Counsel failed to file a verified state-

       ment of interest prior to the expiration of the Rule C(6) thrity day time period, despite having received notice from the government when it served Counsel with the complaint and a copy of the warrant of arrest in Rem on July 29, 2004.

c) As of September 30, 2005, the date of the government Memorandum, Attorney Liguori has still not file a Nunc Pro Tunc Verified Statement.

d) Plaintiff's Counsel fail to file an answering brief in opposition to the government's Motion to Strike until January 28, 2005, almost two and one half months after the government filed its motion.

e) On October 22, 2004, the government specifically advised Counsel Liguori that he had not yet file a Verified Statement of answer, by letter. Counselor Liguori eventually filed an answer to the complaint, two months late; only after the government filed its Motion for Entry of Default, with out informing me that a Motion for Entry of Default was filed against me, with full knowledge of my whereabouts.

f) Even though Mr. Liguori was on specific notice of the deficiency he fail to request permission, pursuant to Rule C(6), for an extension of time to file the late claim. See Rule C(6) (a)(i)(B).

13) But for the ineffective assistance of Counsel, plaintiff would have been able to obtain judgment in his favor, and the return of his illegally confiscated "Money", would be return to him. But for the ineffective assistance of Counsel in the present case, a claimant was on notice for a substantial period of time of the need to file a verified statement and neither filed the verified statement, nor requested an extension of time plaintiff would have gone to trial on the merits of the confiscation.

14) Defendant James E. Liguori failed to establish statutory standing. Defendant James E. Liguori failed to establish statutory standing by filing a verified standing in the District Court. Defendant James E. Liguori failed to file a verified statement, nor properly sought an extension of time.

15) The defendant action is a clear case of preventing the execution of lawful process by depriving the plaintiff the right of appeal and access to the Court, in violation of my fifth and Sixth Amendments to the United States Constitution. The defendant Liguori knowingly and willfully violating plaintiff's Fifth and sixth Amendment rights to the United States Constitution causing damages and irrepairable harm as a result of his torturous acts, resulting in the infliction of extreme mental anguish, distress and mental fatigue; Unecessary stress and worrying, sleeping disorders. The defendant did commit all of the acts detailed in number 1 through 16, which were in direct violation of plaintiff's Fifth and Sixth Amendment right of the United States Constitution.

16) The defendants, James E. Liguori; Liguori, Morris & Yiengst actions is a clear case of obstruction of Justice, preventing the execution of lawful process by depriving the Plaintiff of Due Process of law by their ineffective assistance of Counsel; Causing Plaintiff substantial monetary damages over $65,000 plus interest. The loss of Plaintiff's appeal and Due Process of law to exercise his rights under the First, Fifth, and Six Amendment of the Constitution of the United States.

United States District Court
District of Delaware ( Wilimington )
-----------------------------------------X

Shawn Wright
                  Plaintiff,

    V.                                 Civil Action No.

James E. Liguori
Liguori, Morris & Yiengst
              Defendants.
-----------------------------------------X

**AFFIDAVIT**

1) I am the Plaintiff in the action entitled Wright v. James E. Liguori; Liguori, Morris & Yiengst, and submit this Affidavit in support of my complaint;

2) On or about July 10, 2007, I completed my complaint in this matter and thereafter forwarded it to the United States District Court for the District of Delaware ( Wilimington) in the action referenced above;

3) The information set forth in the complaint is true and correct to the best of my information and belief;

4) I have read the text of Rule 11 of the Federal Rules of Civil Procedure and hereby represent to the Court all of the representations delineated in Rule 11 (b) with respect to the complaint filed herein.

                                                          _____
                                                          Shawn Wright, Pro-Se

Sworn to and subscribed before me this _____ day of 7-10, 2007.

Sworn to and subscribed before me this 12th day of July 20 07.

                                                         SALLY BETH PIZZO
                                                   NOTARY PUBLIC OF NEW JERSEY
                                              MY COMMISSION EXPIRES AUG 10, 2009

