IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAWN WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-445-GMS |
| | ) |
| JAMES E. LIGUORI and LIGUORI, | ) |
| MORRIS & YIENGST, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Shawn Wright ("Wright"), an inmate at FCI-Fairton, Fairton, New Jersey filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

Wright alleges that the defendants, James E. Liguori ("Liguori") and the law firm of Liguori, Morris & Yiengst, retained counsel, denied him access to the courts and provided ineffective assistance of counsel during the representation of Wright in a civil forfeiture action.[1] (D.I. 2.) Wright filed an identical lawsuit in C.A. No. 07-209-GMS, except that the action was filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1999). On June 19, 2007, C.A. No. 07-209-GMS was dismissed as frivolous and for failure

---

[1] Default judgment was entered in the case on June 13, 2005. *United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars and Thirty Eight Cents ($31,842.38)*, C.A. No. 04-854-GMS (D. Del. June 13, 2005). Wright appealed the matter and the appellate court affirmed entry of the default judgment. *United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars and Thirty Eight Cents ($31,842.38)*, No. 05-3321 (3d Cir. June 6, 2006).

to state a claim upon which relief may be granted.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.,* No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v Colley,* 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus,* –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury,* 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption

that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. ANALYSIS

### A. § 1983

To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. The defendants, James E. Liguori, a private attorney, and the law firm of Liguori, Morris & Yiengst, a private law firm, represented Wright in a federal civil forfeiture action. Quite simply, the defendants are not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004). Because Liguori and his law firm are not considered to have acted under color of state law, Wright's claim against them fail under § 1983.

### B. Malicious

Dismissal is also appropriate because Wright raises his claim even though a prior lawsuit raising the same or similar claim has been dismissed. *See Wright v. Liguori*, C.A. No. 07-209-GMS (D. Del. June 19, 2007). A complaint is malicious when it "duplicates allegations of

another [ ]federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993); *see also Banks v. Gillie,* C.A. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Service,* No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted).

Wright's current complaint falls squarely in the category of malicious litigation as the identical repetitive claim arises out of a common nucleus operative facts, and the claim has previously been dismissed. Based upon the foregoing, the court concludes that Wright's complaint is malicious within the meaning of § 1915(e)(2)(B) and will, therefore, be dismissed.

## IV. CONCLUSION

Based upon the foregoing analysis, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted and as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker,* 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading,* 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Oct. 11, 2007
Wilmington, Delaware



FILED

OCT 1 1 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAWN WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-445-GMS |
| | ) |
| JAMES E. LIGUORI and LIGUORI, | ) |
| MORRIS & YIENGST, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 11th day of Oct., 2007, for the reasons set forth in the Memorandum issued this date, the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted and as legally frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile.

UNITED STATES DISTRICT JUDGE



FILED

OCT 1 1 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE